IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-01939-WJM-KLM

ANGEL VILLAMIL, *an individual*,

    Plaintiff,

v.

H-2 ENTERPRISES, LLC,
*a Colorado limited liability company*,

    Defendant.

## H-2E'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

Defendant H-2 Enterprises, LLC ("H-2E") moves for leave to amend its answer to the amended complaint to add preemption as a defense based on Plaintiff's recently completely deposition, and to amend prior factual responses based on discovery conducted to date. In support of this motion, H-2E states as follows.

### COMPLIANCE WITH LOCAL RULES AND WJM PRACTICE STANDARDS

1.    According to D.C.COLO.LCivR 7.1(a), the undersigned counsel certify that they conferred with counsel for Plaintiff regarding this motion. Plaintiff opposes this motion.

2.    As required by D.C.COLO.LCivR 15.1 and WJM Practice Standard III.E, a clean copy of the proposed amended answer is attached as Exhibit A and a redlined copy of the proposed amended answer compared against the original pleading is attached as Exhibit B.

## BACKGROUND

3. Plaintiff's First Amended Complaint and Jury Demand [Dkt. 33] ("Amended Complaint") alleges five claims. Most relevant to this motion is the Fifth Claim for Relief: alleged violation of the Colorado Premises Liability Act, Colorado Revised Statutes § 13-21-115.

4. H-2E answered on November 14, 2022 and pleaded seventeen defenses and affirmative defenses. Answer to Am. Compl. [Dkt. 39] 19-21.

5. H-2E also moved to dismiss the premises-liability claim. That motion is fully briefed and pending decision. [Dkts. 38, 40, 41].

6. Under the Scheduling Order, the deadline for amendment of pleadings was December 1, 2022. [Dkt. 31].

7. Plaintiff's premises-liability claim is based on the allegation someone shot at him at work. *See* Am. Compl. ¶¶ 143-150; *accord* [Dkt. 40] (response to motion to dismiss).

8. From the time of the alleged shooting on December 7, 2020, continuing through police investigations, and including discovery through the present, the identity of the shooter is unknown. *E.g.*, Scheduling Order [Dkt. 31]; Pl.'s Resp. to Def.'s Partial Mot. to Dismiss [Dkt. 40] 3 ("Mr. Villamil does not know who shot him; he does not know whether the perpetrator was someone affiliated or unaffiliated with Defendant.").

9. Plaintiff's deposition took place on April 21, 2023, after the deadline for amendment of pleadings had passed.

10. During Plaintiff's deposition, Plaintiff's testimony surrounding the events underlying his premises-liability claim implicated an additional defense; namely, preemption

2

under the Colorado Workers Compensation Act, Colorado Revised Statutes § 8-4-101 *et seq.* ("CWCA").

11. In particular, for the first time, Plaintiff stated his theory that the person who allegedly shot at him ***must have been*** an H2-E employee and the motivation for the shooting ***must have been*** Plaintiff's race.

12. This new theory does not appear in Plaintiff's Amended Complaint or in the Scheduling Order. Indeed, the shooting is not expressly mentioned in any of Plaintiff's claims for relief. Am. Compl. ¶¶ 111-150.

13. H-2E seeks to amend its answer to add a CWCA preemption defense based on Plaintiff's recent testimony. In addition, H2-E seeks to remove an inapplicable defense and amend its answers to discrete factual allegations based on the progress of discovery.

14. The discovery cutoff is July 28, 2023. [Dkt. 47].

## ARGUMENT

**A.   Legal standards.**

15. A party seeking leave to amend the pleadings after the scheduling-order deadline must satisfy both Rule 15(a)(2) and Rule 16(b)(4*). E.g.*, *Swanson v. N. Light Specialty Ins. Co.*, No. 20-CV-03778-RMR-NRN, 2022 WL 500294, at *2 (D. Colo. Feb. 18, 2022) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014)).

16. In these circumstances, H-2E's proposed amendment requires leave of court under Federal Rule of Civil Procedure 15. "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the purpose of the rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural

3

niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the trial court. However, denying leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

17. Because the deadline for amendments of pleadings under the Scheduling Order has passed, this motion also implicates Federal Rule of Civil Procedure 16(b)(4). The Court may amend the Scheduling Order in this case upon a showing of good cause. The good-cause standard requires a movant to show that scheduling deadlines cannot be met despite the movant's diligent efforts. *Swanson*, 2022 WL 500294 at *2. One way Rule 16's good-cause requirement may be satisfied is where a party learns new information through discovery. *Id*. Rule 16 does not focus on the movant's bad faith, or prejudice to the opposing party, but rather on the diligence of the party seeking leave to amend. *E.g.*, *Miller v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-00216-PAB-NYW, 2021 WL 5987175, at *2 (D. Colo. Dec. 17, 2021).

**B.   H-2E should be granted leave to amend.**

18. The impetus and focus of this motion is CWCA preemption as an additional proposed affirmative defense. H-2E would also amend to remove an inapplicable defense and update answers to specific fact allegations based on discovery, as shown in Exhibit B.

19. The circumstances here demonstrate there is good cause for H-2E's amendment, none of the reasons for denying leave to amend under Rule 15 are present, and H-2E should be granted leave to amend.

20. H-2E's proposed additional affirmative defense is that Plaintiff's premises-liability claim is preempted. The CWCA preempts injuries arising out of or in the course of

employment, Colo. Rev. Stat. § 8-41-301(1)(b), and the CWCA provides the exclusive remedy for such injuries. Colo. Rev. Stat. § 8-41-301(1); *Triad Painting Co. v. Blair*, 812 P.2d 638, 641 (Colo. 1991). On the face of Plaintiff's Amended Complaint, he was targeted for the shooting based on a personal reason (race) unrelated to his employment, which would appear to be caused by a personal or private risk that does not implicate CWCA preemption. *E.g.*, *Horodyskyj v.Karanian*, 32 P.3d 470, 475. The alleged shooter was not identified in the Amended Complaint or the narrative of Plaintiff's case in the Scheduling Order. Consistent with that, Plaintiff's response to H-2E's motion to dismiss said, "Mr. Villamil does not know who shot him; he does not know whether the perpetrator was someone affiliated or unaffiliated with Defendant." [Dkt. 40] 3.

   21. As such—and considering H-2E itself does not know the identity or motive of the alleged shooter—Plaintiff's theory of his case prior to his deposition did not provide amble basis for H-2E to plead preemption based on the scenario that the shooting arose out of and in the course of his employment at H2-E. However, during his deposition, Plaintiff stated that the shooter ***must have*** been an H2-E employee and ***must have*** been motivated by his race. Based on that testimony, a reasonable inference may be made that Plaintiff's theory is that the shooting arose out of and in the course of his employment at H2-E. If that is the case, the CWCA would preempt his premises-liability claim. *Horodyskyj*, 32 P.3d at 475. There is therefore good cause for amending the Scheduling Order because of the new facts discovered during Plaintiff's April 21, 2023 deposition and H-2 diligently brought this motion shortly after learning them. *See Miller*, 2021 WL 5987175 at *5 (granting defendant's motion for leave to amend based on new information learned during plaintiff's deposition).

5

22. Nor are any of the *Foman* reasons for denying leave to amend present here. First, there is no undue delay. The underlying factual basis for the affirmative defense of preemption was only discovered during Plaintiff's April 21, 2023 deposition. H-2E contacted Plaintiff's counsel to confer on this motion on April 26 and promptly filed this motion on May 2 after Plaintiff's counsel provided Plaintiff's position the afternoon of May 1.

23. Second, Plaintiff is not prejudiced. In conferral, Plaintiff's counsel opposed the motion on the grounds they would have addressed the preemption defense in the Rule 30(b)(6) deposition or the fact-witness deposition of James Robison, H-2E's Safety Manager. Both of those depositions came before Plaintiff's deposition. More importantly, any given witness—even a Rule 30(b)(6) witness—is unlikely to have material testimony about a preemption defense. The arguments are primarily legal and the underlying facts are no different than the underlying facts of Plaintiff's claims themselves, i.e., who allegedly shot at him and why. Moreover, H-2E offered to provide a written answer about the factual basis for the new defense (akin the Plaintiff's Rule 30(b)(6) topics) and the discovery cutoff is not until July 28, 2023, leaving ample time for Plaintiff to conduct discovery on the defense. [Dkt. 47].

24. Any potential prejudice is further lessened by H-2E's pending partial motion to dismiss the premises-liability claim. The majority rule is that a defendant is not required to answer ***at all*** while a partial motion to dismiss is pending. *See Bd. of Cty. Comm'rs v. Brown Grp. Retail, Inc.*, No. 08-cv-00855-LTB-KMT, 2008 WL 4527736, at *1-2 (D. Colo. Oct. 3, 2008) (describing and applying majority rule). Considering that H-2E would have been justified in waiting to answer until after the motion to dismiss is decided—and that motion is still pending

6

now—there is unquestionably less prejudice to Plaintiff in adding the preemption defense now, with nearly three months remaining in discovery.

25.  Third, the amendment is not futile. Testimony obtained in Plaintiff's deposition indicates his belief that the shooting and therefore the premises-liability claim arose out of and in the course of his employment. The ultimate merits of the defense are for summary judgment or trial, but there is enough evidence to sustain H-2E's lenient pleading burden.

26.  Fourth, H-2E has not acted in bad faith. On the contrary, H-2E promptly raised the proposed amended with Plaintiff's counsel and the Court upon receiving Plaintiff's adamant deposition testimony and H-2E has offered to provide supplemental information to Plaintiff regarding the factual basis of the new defense.

27.  Rule 15 is a lenient standard and H-2E has satisfied both Rule 15 and Rule 16 in diligently seeking leave to amend following Plaintiff's deposition. There is no undue delay, no prejudice, no bad faith, nor any other reason to deny the motion.

WHEREFORE, H-2E requests leave to file the proposed amended answer attached as Exhibit A.

Respectfully submitted this 2nd day of May, 2023.

*s/ Thomas W. Carroll*
Thomas W. Carroll
Lukasz Gilewski
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: tcarroll@littler.com
          lgilewski@littler.com

*Attorneys for Defendant H-2 Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May 2023, I electronically filed the foregoing **H-2E'S MOTION FOR LEAVE TO FILE AMENDED ANSWER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mary Jo Lowrey
Sara N. Maeglin
Lowrey Parady Lebsack, LLC
1490 Lafayette Street, Suite 304
Denver, Colorado 80218
(p) (303) 593-2595
(f) (303) 502-9119
maryjo@lowrey-parady.com
sm@lowrey-parady.com

*Attorneys for Plaintiff*

*s/ Joanna Fox*
Joanna Fox, Legal Secretary

4858-2977-7248.2